[Crim. No. 162. Fourth Appellate District.—February 17, 1934.]

THE PEOPLE, Respondent, v. ART G. YOUNG, Appellant.

James M. Thuesen for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

MARKS, J.—The attorney-general has moved to dismiss this appeal upon the ground that appellant has not filed any statement of his ground of appeal or any points upon which he will rely.

██ Section 7 of Rule II of the Rules for the Supreme Court and District Courts of Appeal, provides in part as follows: "The appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent."

The record before us discloses that a motion for new trial was denied and judgment pronounced upon appellant on the second day of December, 1933. Thereupon in open court appellant announced his appeal to this court from the order denying his motion for new trial and from the judgment of the court.

Section 1239 of the Penal Code provides that a defendant may take an appeal from a judgment, or order made after judgment, by announcing in open court at the time the judgment or order is made that he appeals from the same.

On December 6, 1933, and within five days from the oral notice of appeal, appellant by his attorney filed what is denominated "a notice of appeal" both from the order denying his motion for new trial and from the judgment. As his grounds for appeal from the order, he there specified error of the trial court in denying his application to continue the date of the trial, and misconduct on the part of the district attorney. As grounds of appeal from the judgment he specified that the verdict is contrary to the evidence, and misconduct of the district attorney in his address to the jury. On the same day he filed written request for a clerk's and reporter's transcript which the trial judge ordered prepared.

While the grounds upon which appellant relies on the appeal are informally stated and are incorporated in a document which is called by him a notice of appeal, this docu-

ment was filed within the time prescribed by the court rule for filing his statement of grounds of appeal. This sufficiently conforms to the requirements of the rule in question and cannot "affect the substantial rights of the respondent."

Motion denied.

Barnard, P. J., and Jennings, J., concurred.